266 P.2d 1079

STATE v. LOVE.

No. 1037.

Supreme Court of Arizona.

Feb. 23, 1954.

Marshall W. Haislip, Phoenix, for appellant.

Ross F. Jones, Atty. Gen., Irwin Cantor and James P. Bartlett, Asst. Attys. Gen., for appellee.

LAZOVICH, Superior Court Judge.

On July 2, 1952, the defendant, Bernell Love, a Negro, was convicted by a jury in the superior court of Maricopa County of the crime of assault with a deadly weapon, a felony, upon the person of one Eddie L. Duron, manager of a Safeway store located on East Washington Street and Fifth Avenue, Phoenix, Arizona.

In support of his motion for a new trial appellant filed affidavits of his former attorney, Robert R. Weaver, and one Alice Siders. The motion was denied and judgment of guilty rendered, fixing the term of not less than one year and not more than one year and a day at the state prison. From the judgment the defendant appeals.

Briefly, the facts as brought out by the testimony at the trial are as follows:

On May 10, 1952, the appellant, accompanied by one Nellie Perkins, entered the store at the above-named location. Duron saw the defendant leave the premises with articles of merchandise without paying for same, followed him outside of the building and demanded that he return to the store while he called the police. Duron and four employees of the store testified that upon re-entering the store defendant pulled a knife from his pocket, opened the same and advanced upon Duron in a threatening manner, whereupon Duron shoved a shopping cart between him and the appellant and picked up a jar with which to defend himself; that the appellant struck at Duron with a long-bladed knife; that during the fracas Nellie Perkins pleaded with him to put the knife back in his pocket, which he did. Duron then shoved defendant to the rear of the store where he demanded the production of the knife, which was refused. Duron then removed the knife from the defendant's pocket. Duron identified the parcel containing the merchandise as being the property of the Safeway store.

The defendant's witnesses, seven in number, all Negroes, testified that their attention was attracted to the scuffle in the front part of the store with Duron; that they saw Duron shoving and abusing the appellant; and that at no time did they see any knife in the appellant's hand, nor did they hear any conversation by any person or persons there present to the effect that the appellant had a knife in his hand. The defendant testified that the articles of merchandise taken from him by Duron were purchased elsewhere. Lastly, defendant's witness, Nellie Perkins, testified that Duron assaulted the defendant without any provocation whatsoever at the time of re-entering the store. This constitutes in main the defense testimony.

Appellant's assignments of error are to the effect that the trial court erred in denying defendant's motion for a new trial based on the ground of newly discovered evidence supported by affidavits not controverted by the state.

Appellant's proposition of law is to the effect that where affidavits are filed which

contain recitals of newly discovered evidence, not controverted by the state, and are of such a nature that had the jury had the advantage of the new facts in all probability a different result would have been reached, then under such circumstances the denial of a new trial constitutes an abuse of judicial discretion.

■ That the state should have filed counter-affidavits is the accepted practice. Yet an examination of the record discloses that appellant failed to incorporate in his motion for a new trial any facts tending to show that he could not with reasonable diligence have discovered the claimed new evidence before trial. It is a well-grounded rule in this jurisdiction that a new trial should be denied when sought on the ground of newly discovered evidence where it appears that the same could have been discovered with reasonable diligence. Talley v. State, 18 Ariz. 309, 322, 159 P. 59; Post v. State, 41 Ariz. 23, 15 P.2d 246; Hunter v. State, 43 Ariz. 269, 30 P.2d 499; Rosser v. State, 45 Ariz. 264, 42 P.2d 613; Cochrane v. State, 48 Ariz. 124, 59 P.2d 658; Hoy v. State, 53 Ariz. 440, 90 P.2d 623.

Our statute, section 44-2004(c), A.C.A. 1939, provides that the court shall grant a new trial when new evidence is discovered material to the case, which could not with reasonable diligence have been discovered and produced at the trial, and the defendant produces at the hearing of the motion the affidavit of witnesses by whom such evidence is expected to be given.

■ Defendant's counsel relies upon the generally accepted rule that newly discovered evidence, even though cumulative, if material and of such weight as most likely would have changed the result of the trial had it been given, entitled the defendant to a new trial provided due diligence is shown. In this connection, in an examination of the affidavit of Alice Siders upon which defendant relies in support of the motion we find this statement:

"* * * that thereupon the Negro (defendant) made a motion or gesture with one of his hands as if he would attempt to reach into his pocket, and this affiant believes that the said Negro did actually reach into his pocket with his left hand, that she then became very much concerned and thought he would, undoubtedly, pull a knife or some other instrument from his pocket, and she thereupon, made special observation of said Negro's hands and saw both hands after he had made the aforesaid gesture, and knows positively that he did not have a knife in either of his hands, as she then saw both of his hands were open; * * *."

Bearing in mind that seven witnesses for the defense stated that defendant did not withdraw a knife from his pocket and did not advance upon the complaining witness in a threatening manner, it is apparent that

Alice Siders' testimony is merely cumulative. Its value in appellant's view is that it comes from a white woman, who under the circumstances would have been considered as a thoroughly disinterested witness. We cannot say with any conviction that the testimony in question, cumulative and impeaching in character, would have changed the verdict of the jury in the light of evidence in the record that a knife was removed from the pocket of the defendant by the complaining witness, Duron.

In examining the affidavit of Robert R. Weaver, the defendant's trial attorney, in support of the motion we note the averment:

"* * * that since this matter has been brought to the attention of affiant by Marshall W. Haislip, as aforesaid, this affiant has examined his file notes on defendant's case and finds that someone suggested to him the name of a Mr. Ellis Sider as having witnessed the alleged assault, * * *.

"That affiant attempted to contact the Alice Siden listed as a witness on the information on file herein, but that he was unable to locate any such person."

Being furnished the name of Alice Siders is an added reason why counsel should have examined the record where he would have found the name of Alice Siden (Alice Siders) and also her correct address. The address of Alice Siders was available to counsel from the time of the preliminary hearing in justice court but nowhere in the affidavit of Weaver do we find the statement that he sought to locate Alice Siden (Siders) at the address given.

A further examination of the record shows that attached to the complaint in the justice court was a separate memorandum upon which was endorsed the names of the state's witnesses, among which was that of Alice Siden (Siders), 1103 Georgia, Phoenix, Arizona. No subpoena was issued for said Alice Siden (Siders) by either side to appear at the preliminary hearing or at the trial. Her name is endorsed on the back of the information as Alice Siden, while it develops that her true name is Alice Siders. It must be remembered that her correct address appeared on the memorandum attached to the complaint. Since no attempt was made to contact this witness by defendant or his counsel how could it be said that the spelling or misspelling deterred them from interviewing her to ascertain the nature of her testimony.

The fact that the county attorney did not interview or subpoena Alice Siders is not a suspicious circumstance of suppressing evidence, as defendant infers in his brief. Prosecuting attorneys are not required to call every witness, even though subpoenaed.

The bold suggestion in appellant's brief that the jury was influenced or might have been influenced by the fact that the

50

defendant is a Negro and his witnesses were all of the same race is not worthy of treatment by this court, except to say that prejudice will not be presumed. It must appear from the record. State v. Martinez, 67 Ariz. 389, 198 P.2d 115.

The controlling circumstance in this case is the fact that it was brought home to the defendant's counsel that here was a witness, with address given and whose name, though misspelled on the memorandum attached to the complaint, as also on the information, probably in possession of some facts relative to the alleged assault, and it was clearly his duty to ascertain the nature of her testimony. Again we stress that as early as the date of the preliminary hearing he had notice of her address. Failure to contact and interview her was not the exercise of ordinary care.

In the case of Grijalva v. State, 32 Ariz. 470, 260 P. 188, where a new trial was sought on the ground of newly discovered evidence the trial court's refusal to grant same was upheld because it appeared that the evidence relating to alibi was merely cumulative and impeaching, citing in support thereof Talley v. State, supra, and Young Chung v. State, 15 Ariz. 79, 136 P. 631.

See Indian Fred v. State, 36 Ariz. 48, 282 P. 930, 936, wherein the trial court was upheld in denying a similar motion with this pertinent comment:

"* * * The learned trial judge was in a much better position than we are to determine the weight to be given these affidavits, and whether or not the testimony set forth in them would probably change the result in case of a new trial. * * *"

We have examined the decisions cited by the defendant as authority for the legal principle that the rule regarding cumulative evidence has no application where due diligence is shown and an affidavit of a disinterested person is submitted. Certainly the rule is not controlling in this case, for the reason that the attorney for defendant did not show rasonable diligence in securing the evidence in advance of the trial.

It has been repeatedly held by this court that it is largely in the discretion of the trial court whether a new trial upon the ground of newly discovered evidence shall be granted, and its action in overruling such motion will not be reversed unless an abuse of discretion manifestly appears. Such is not the case here. No abuse of discretion appears in this case in denying defendant's motion for a new trial and we therefore adhere to the well-established rule above stated.

The judgment is affirmed with directions that defendant be required to serve the remainder of the sentence imposed.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concurring.

NOTE: Justice DUDLEY W. WINDES, having disqualified himself, the Honorable SAM LAZOVICH, Judge of the Superior Court of Gila County, was called to sit in his stead, and to participate in the determination of this appeal.