UNITED STATES of America, Plaintiff-Appellee,

v.

Richard SEARS, Defendant-Appellant.

No. 14343.

United States Court of Appeals Seventh Circuit.

May 27, 1964.

Kenneth S. Broun, Thomas P. Sullivan, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

After a jury trial, defendant was convicted of the robbery of an Indianapolis,

Indiana bank which was insured by the Federal Deposit Insurance Corporation. The defendant was sentenced to serve nine years imprisonment. This is an appeal from the judgment of conviction.

Defendant contends 1) the evidence was insufficient to support the verdict; 2) the testimony that deaf persons are expert identifiers was prejudicial; 3) the Government improperly displayed a shotgun not in evidence; and 4) the Government's exhibits were not connected with the defendant.

On January 31, 1963, at about 1:30 p. m., two men entered the American Fletcher National Bank. Each man wore a dark hat, raincoat, sunglasses and a handkerchief mask. Each carried a pistol in his hand. The shorter of the two robbers proceeded to the north side of the bank where the teller windows are located. He handed cloth sacks to each of the three tellers on duty ordering them to fill the sacks with money. The taller of the two, alleged to be the defendant, stationed himself on the south side of the bank and pointing a gun, ordered the people in the bank not to move. At one time he said, "Fire a couple of shots over their heads and they'll know we're not kidding." Witness Massey, a deaf person, was in the lobby of the bank when the robbery occurred.

During the Government's case in chief, William E. Kindler testified. He had been indicted as a co-defendant with Sears, and had pleaded guilty prior to trial. Kindler testified his companion carried a loaded revolver but that his gun was unloaded. Kindler admitted he went to the teller windows and obtained cash.

While Kindler was on the stand, he was asked who accompanied him at the robbery. The following occurred:

"The Court: Now, Mr. Kindler, I will ask you to state who it was that accompanied you into the bank at 42nd and College in the afternoon of January 31, 1963, at approximately 1:50 p. m.

Mr. Kindler: Well, it wasn't this boy you are trying here, but I can't tell you who it was, you know, I mean it's * * * you know, whenever you give your word to someone, whenever you do something like that, you ain't never supposed to tell who it was."

The Court notified Mr. Kindler that he had no right to refuse to answer the question, but Kindler simply answered "I can't."

As defendant was found guilty by jury verdict of the offense charged, we must, on this appeal, take that view of the evidence, together with inferences reasonably drawn therefrom, most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Hamilton, 7 Cir., 276 F.2d 96. Substantial evidence is all that is required to uphold the conviction. United States v. Zuideveld, 7 Cir., 316 F.2d 873.

Leslie Massey, a deaf person, identified the defendant Sears as one of the robbers. Massey was present in the bank when the robbery occurred. He testified that for a period of at least one and a half minutes, he looked at the robber on the south side of the bank. Massey was from fifteen to twenty feet distant from him. Massey positively identified Sears in court at the time of the trial.

Massey testified, "I am a deaf person, I see things through my eyes that I do not hear. A deaf person watches, observes, and he usually remembers anything unusual that happens, I studied that person [meaning Sears]".

Defendant argues that the identification was of no value because the robber's face was partially covered with a handkerchief and because the robber was wearing sunglasses. In this case, the identification was not based entirely upon the part of the face which could be seen, but also by reason of the stature of defendant Sears. A number of cases have held that the fact the lower part of a robber's face was covered with a cloth

does not nullify the testimony that the witness recognized the accused as the robber. People v. Knight, 44 Cal.App.2d 887, 113 P.2d 226. See also, 2 Wigmore on Evidence, Third Ed., 1940, Section 660.

We think the question of Massey's identification of Sears was a question of fact for the jury. Furthermore, we do not agree with appellant that there was error in the testimony of Miss Christian who had long experience with deaf persons as a teacher, that when a person has a handicap such as the loss of one of the senses, there is an inclination on the afflicted person's part to train other senses to compensate for the loss of one, and that this is often true in the case of deaf persons. Furthermore, defendant's counsel made no objection to this testimony. The point cannot be raised for the first time on this appeal. United States v. Vasen, 7 Cir., 222 F.2d 3.

There was additional substantial evidence connecting Sears with the crime. This showed that Sears rented a house at 5157 North Winthrop Avenue under a fictitious name. According to Kindler, the second robber, the house was rented for the purpose of "dropping the stuff off until the neighborhood cooled off." The proceeds of the robbery, some of the clothing and guns used in the robbery, had been placed in a cardboard box which had the label "Surf" thereon. This box was found in the house at 5157 North Winthrop Avenue, and the testimony revealed that the box contained finger prints of defendant Sears.

We hold the display of a shotgun at the trial was not prejudicial error. During the cross-examination of Sears, the Attorney for the Government asked him if he had ever seen the gun before.

Sears denied any prior knowledge of the gun. After that answer, there was no attempt to offer the gun into evidence. Neither of Sears' attorneys, each of whom had had previous experience in the field of criminal law, made any objection. There was no motion for a mistrial. Later, when the Court's attention was drawn to the fact that the shotgun was in the courtroom, the gun was ordered removed. The Court carefully instructed the jury that the gun was not to be considered by them as evidence of anything whatsoever, and that it was not connected with the defendant. Included in the Court's comments were: " * * * and I will ask you not to consider it at all and to eliminate from your minds the fact that it was once marked as an exhibit in the case. It has nothing whatever to do with this case."

The last point raised by defendant is that the admission of several Government exhibits into evidence was error because they were not connected with the defendant. Included were photographs of the automobiles used in the robbery; also a sack which had been dropped by one of the robbers and other photographs of objects used in the commission of the crime.

We think these exhibits were connected with the robbery and that Sears was sufficiently identified as one of the robbers and that there was no prejudicial error in receiving these exhibits into evidence.

Finding no reversible error, the judgment of conviction is affirmed.

This Court is greatly indebted to Messrs. Kenneth S. Broun and Thomas P. Sullivan, members of the Chicago Bar, for their excellent services rendered on this appeal as court-appointed counsel.

Affirmed.