HECTOR CHARLES PACHECO, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 4901

December 13, 1965                    408 P.2d 715

*Robert Santa Cruz,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City; *Edward G. Marshall,* District Attorney, Clark County, and *Ivan R. Ashleman,* Deputy District Attorney, of Las Vegas, for Respondent.

## O P I N I O N

By the Court, THOMPSON, J.:

Pacheco, who was convicted of robbery, sought a new trial upon the ground of newly discovered evidence. NRS 175.535(7).[1] His motion was denied and this appeal followed. We affirm.

The statute, quoted below, requires the movant to persuade the trial court that the evidence is newly discovered, material to his defense, and could not with reasonable diligence have been discovered and procured for the trial. A factual showing of each requirement must be made. Conclusions will not suffice. People v. Beard, 46 Cal.2d 278, 294 P.2d 29 (1956); State v. Love, 77 Ariz. 46, 266 P.2d 1079 (1954); State v. O'Brien, 66 Wash. 219, 119 P. 609 (1911); Gates v. State, 160 Neb. 722, 71 N.W.2d 460 (1955); Balestreri v. United States,

---

[1] The statute gives the trial court power to grant a new trial "when new evidence shall have been discovered material to the defendant and which he could not, with reasonable diligence, have discovered and procured at trial."

224 F.2d 915 (9th Cir. 1955). Additional standards to those named by statute have been imposed by judicial decision in California where the statute is the same as ours. There the court has ruled that the evidence must not be cumulative, and that it be such as to render a different result probable on retrial. People v. Beard, supra. We, also, have acknowledged that newly discovered evidence which is cumulative may not be enough to warrant another trial, State v. Randolph, 49 Nev. 241, 242 P.2d 697 (1926); State v. Fouquette, 67 Nev. 505, 221 P.2d 404 (1950), but have not yet expressly approved the further standard that the evidence be such as to render a different result probable on retrial. We think such further standard proper and now approve it as a corollary of the rule of harmless error. NRS 169.110.[2] Consequently, this ground for a new trial calls for an exercise of discretion by the trial court and, on review, the inquiry is whether an abuse of discretion has occurred. State v. NcNeil, 53 Nev. 428, 4 P.2d 889 (1931).

Tested by these standards, Pacheco's motion for a new trial could not succeed. Facts bearing upon reasonable diligence to procure the evidence for trial were not offered to the lower court for its consideration. The record discloses only a conclusory statement in the moving papers "that new evidence has been discovered, material to the defense, by the defendant, and which he could not with reasonable diligence have discovered and procured at the trial." This unsupported conclusion cannot persuade. State v. Love, 77 Ariz. 46, 266 P.2d 1079 (1954); Balestreri v. United States, 224 F.2d 915 (9th Cir. 1955). Facts must be shown by the best evidence possible. People v. Beard, 46 Cal.2d 278, 294 P.2d 29

---

[2]NRS 169.110 reads: "No judgment shall be set aside, or new trial granted, in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter or pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case, it shall appear that the error complained of has resulted in a miscarriage of justice, or has actually prejudiced the defendant, in respect to a substantial right."

(1956). This failure alone bars the granting of a new trial here.

The newly discovered evidence was presented to the lower court through the fact affidavit of Stephen Joseph Raso who did not testify at the trial. If believed, one might possibly be persuaded that Pacheco was at his home, and in bed, at the time of the robbery. Similar evidence was given at the trial by relatives of Pacheco and apparently rejected by the jury. Counsel argues with force that a retrial should occur and another jury be given an opportunity to hear Raso testify, as he would be a "disinterested" witness—at least in the sense of not being related to Pacheco. Without question, Raso's testimony would be material to the issue of guilt, and counsel's argument, therefore, may not be cast aside as insignificant. Yet, without a factual showing that reasonable diligence was used to produce the witness Raso at trial, the lower court was not called upon to decide whether a retrial should be denied because the new evidence was, perhaps, cumulative or, in any event, that such evidence, had it been produced, would probably not have changed the result. Nor do we consider those questions.

We order that court-appointed counsel for appellant be given the certificate specified in NRS 7.260(3)(4).

Affirmed.

BADT, J., and ZENOFF, D. J., concur.