[No. 2659-1. Division One. November 4, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH LIBERTY JOHNSON, *Appellant*.

*Phillip H. Ginsberg* of *Seattle-King County Public Defender* (appointed counsel for appeal) and *Daniel C. Wershow*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and *Richard McDermott* and *Roger A. Myklebust, Deputies*, for respondent.

CALLOW, J.—The defendant, Joseph L. Johnson, was charged with robbery while armed with a deadly weapon.

Following a trial to the court, the following findings and conclusions were entered:

## I

That on 15th April 1973, at approximately 8 p.m. [the victim] . . . picked up the defendant, Joseph Liberty Johnson, in the area of 14th and Fir in Seattle, Washington.

## II

That the defendant, Joseph Liberty Johnson, at the time that he was picked up by [the victim] . . . was attired in feminine attire, including a purple pantsuit and high heeled boots.

## III

That [the victim] . . . had picked up the defendant to negotiate an act of prostitution. [The victim] . . . was then directed by the defendant to proceed to an alley located between 26th and 27th Avenues, just north of Cherry, in Seattle, Washington.

## IV

That upon arriving in this alley, both [the victim] . . . and the defendant departed from [the victim's] . . . car and proceeded in the direction of an apartment that the defendant had indicated was his.

## V

That as they proceeded down the alley, the defendant asked [the victim] . . . if he were a cop and asked him to produce his wallet to prove that he was not.

## VI

That [the victim] . . . presented his wallet to the defendant, who after inspecting the wallet, handed it back to [the victim] . . .

## VII

That as [the victim] . . . proceeded to replace his wallet in his pocket the defendant pulled a pistol and pointed it at [the victim] . . . demanding that he give him the money which was in his wallet.

## VIII

That [the victim] . . . at this time was placed in fear of injury to his person and as a result of this fear, against his will did then and there give to the defendant,

Mr. Johnson, the cash that he had in his wallet, approximately $137.00 in American currency.

### IX

That the defendant then ran from the alley and disappeared from the view of the victim, . . .

### X

That on the 8th day of May, 1973, the victim, . . . was shown a series of seven photographs by Detective Oslin of the Juvenile Division of the Seattle Police Department.

### XI

That [the victim] . . . from the series of photographs showed to him in the Juvenile Division, selected the photograph of the defendant, Joseph Liberty Johnson, as the individual who had robbed him on the 15th day of April, 1973.

### XII

That Detective Oslin did not in any way suggest to the victim, . . . that he should select the photo of Joseph Liberty Johnson.

### XIII

That the testimony of the defendant, Joseph Liberty Johnson, that on the date of the crime he was home in his apartment, is not accepted as a statement of truth.

### XIV

That the notes introduced by the defendant to substantiate his alibi in the trial of this matter do not in fact provide any substantiation to his alibi.

### XV

That the defendant, at the time he committed the robbery, as alleged in the information, was armed with a deadly weapon as defined by RCW 9.95.040, and a firearm as defined by RCW 9.41.025.

### CONCLUSIONS OF LAW

### I

That the above-entitled court has jurisdiction of the subject matter and of the defendant, Joseph Liberty Johnson, in the above-entitled cause.

## II

That the defendant, Joseph Liberty Johnson, is guilty of the crime of robbery.

## III

That the defendant, Joseph Liberty Johnson, at the time of commission of the robbery was armed with a deadly weapon as defined by RCW 9.95.040 and a firearm pursuant to RCW 9.41.025.

The defendant challenges the sufficiency of the evidence to sustain his conviction and the special finding that he was armed with a deadly weapon.

The main contention raised is that there was insufficient evidence of identity for the trier of the fact to conclude that the defendant was the robber. The defendant disputes the ability of the victim to make a positive identification 23 days after the robbery when the victim had spent only 25 minutes with his assailant, had faced him for not more than 5 minutes, and the lighting was poor at the time. The defendant also points out that he wears either a ring or an ornament in his nose, and the victim did not recall his assailant wearing any such ornament. In addition, the defendant argues that the trial court's statement in its oral opinion showed uncertainty; and, therefore, an acquittal should have been granted.[1]

---

[1] The court stated in its oral opinion in part: "It's my conclusion that the defendant is guilty as charged. He was positively identified by the complaining witness who had no motive to fabricate. . . . But I would like to make some comments about the evidence because I have given it very careful consideration. In the first place, there was quite a question raised about the validity of the identification, and I think that is probably a matter that does not present—I think it is probably a matter that gives the defendant, really, a substantial basis for argument that there might be a mistake. . . . the positive character of the defendant's features, they are not features that would be readily mistaken for those of someone else. They are very unique and very distinct as observeable from the picture which is in evidence, which is an excellent picture of him, very realistic picture of him. . . . The main point is that on the principal factors, the fact of the gun, the fact of what the man looked like, those things, he was absolutely sure on."

44

■■ It was recently said in *State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974):

It is axiomatic in criminal trials that the prosecution bears the burden of establishing beyond a reasonable doubt the *identity* of the accused as the person who committed the offense. 1 H. Underhill, *Criminal Evidence* § 125 (5th ed. P. Herrick 1956, Supp. 1970); 1 *Wharton's Criminal Evidence* § 16 (13th ed. C. Torcia 1972). Identity involves a question of fact for the jury and any relevant fact, either direct or circumstantial, which would convince or tend to convince a person of ordinary judgment, in carrying on his everyday affairs, of the identity of a person should be received and evaluated. 1 H. Underhill, *Criminal Evidence, supra.*

The evaluation of this evidence is for the trier of the fact and evidence of identity should not be weighed again on appeal to determine if the state has proven beyond a reasonable doubt that the defendant was the person who committed the offense. The judge or jury see and hear the witnesses and are in the best position to determine credibility and the ability of each witness to observe and recall. The trier of the fact must decide if the victim could see the assailant under the prevailing conditions and whether the stress of the situation blurred the victim's faculties or imprinted sights and faces clearly and indelibly on the victim's mind. The eyewitness identification of one person by another may give rise to many possibilities for human mistake. Indeed, the dangers present are noted in the District of Columbia model instruction on identification set forth in the appendix to *United States v. Telfaire*, 469 F.2d 552, 558 (D.C. Cir. 1972).[2] *See also United States v. Holley*, 502 F.2d

---

[2]"One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The Government has the burden of providing identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

273 (4th Cir. 1974); *United States v. Barber*, 442 F.2d 517 (3d Cir. 1971). However, the evidence is admissible; and if confusion or misidentification exists, its exposure is a function of the defense. The testing of the identification of another by face, voice, stature, clothing or other things peculiar to the person's appearance must be by examination and cross-examination in the forum of the trial court. *See United States v. Sears*, 332 F.2d 199 (7th Cir. 1964); 2 J. Wigmore, *Evidence* §§ 413, 660 (1940); 3 B. Jones, *Evidence* § 15:6 (S. Gard 6th ed. 1972).

 The function of an appellate court is only to assess that there was substantial evidence from which the trier of fact could infer that the burden of proof had been met and that the defendant was the one who perpetrated the crime.

---

"Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

"In appraising the identification testimony of a witness, you should consider the following:

"(1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

"Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past.

"[In general, a witness bases any identification he makes on his perception through the use of his senses. Usually the witness identifies an offender by the sense of sight—but this is not necessarily so, and he may use other senses.]*

"(2) Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made.

"If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.

"[You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally

We find in *State v. James*, 165 Wash. 120, 122, 4 P.2d 879 (1931):

The only question presented upon the appeal is whether the evidence was sufficient to connect the appellant with the robbery. The jury heard the testimony as to the positive identification, and heard the witnesses say that, on the two prior occasions, they had not been positive, and it was for them to determine whether they would accept the positive identification testimony or disregard it. This court cannot weigh the testimony and hold that the jury had no right to believe and accept the evidence of positive identification.

and *State v. Huston*, 71 Wn.2d 226, 238, 428 P.2d 547 (1967), said:[3]

Despite the problems which always inhere in identification by an eye witness who is under the pressure of an act of criminal violence at the time he makes his initial observations, this record reveals far more than a "scintilla" of evidence to support the identification. It is sufficient to say that the evidence was substantial and admissible; its weight was for the jury to determine. *State v. Mickens*, 61 Wn.2d 83, 377 P.2d 240 (1962).

---

more reliable than one which results from the presentation of the defendant alone to the witness.]

"[(3) You make [sic] take into account any occasions in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial.]

"(4) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

"I again emphasize that the burden of proof on the prosecutor extends to every element of the crime charged, and this specifically includes the burden or proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime with which he stands charged. If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.

"*Sentence in brackets ([]) to be used only if appropriate. Instructions to be inserted or modified as appropriate to the proof and contentions."

[3]*See also State v. Lounsbery*, 74 Wn.2d 659, 445 P.2d 1017 (1968); *State v. Wait*, 9 Wn. App. 136, 509 P.2d 372 (1973); *State v. Bunch*, 2 Wn. App. 189, 467 P.2d 212 (1970); *State v. Carlson*, 2 Wn. App. 104, 466 P.2d 539 (1970).

■ The review of the sufficiency of the evidence to support the decision of the judge or jury is limited to a determination of whether the state produced substantial evidence of circumstances from which the facts to be proved could reasonably be inferred. The conclusion of the trier of the fact must stand if the record contains substantial evidence of each element of the crime charged. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971); *State v. Dugger,* 75 Wn.2d 689, 453 P.2d 655 (1969); *State v. Braxton,* 10 Wn. App. 1, 516 P.2d 771 (1973). The identification of the defendant by the victim is substantial evidence that the defendant was the person who committed the crime. *See State v. Lane,* 4 Wn. App. 745, 484 P.2d 432 (1971).

■ The concern expressed by the trial judge about the identification does not derrogate from the certainty of his finding but reinforces its validity. His expressions instead mirror conscientious meditation of the evidence. The thoughts and ruminations of a trial judge in an oral opinion are submerged into the formal findings ultimately entered. *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963); *Diel v. Beekman,* 7 Wn. App. 139, 499 P.2d 37 (1972).

■ In like manner, substantial evidence supported the special finding that the defendant was armed with a deadly weapon. The victim testified that a short barreled, snubnosed gun was taken from the purse of the robber. The victim also described the gun as silver in color, resembling a .38 caliber and as being pointed directly at him from a distance of 2 feet. Such circumstances may tend to sharpen the awareness of a witness. On this testimony, the trial court had a reasonable basis to believe that the defendant was armed with a deadly weapon. *State v. Slaughter,* 70 Wn.2d 935, 425 P.2d 876 (1967); *State v. Newman,* 4 Wn. App. 588, 484 P.2d 473 (1971).

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.

Petition for rehearing denied December 2, 1974.

Review denied by Supreme Court January 22, 1975.