## CALVIN CHESTER LIGHTFORD, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7917

July 23, 1975                    538 P.2d 585

*Raymond E. Sutton,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Calvin Chester Lightford was originally convicted on two counts of unlawful possession of heroin. On appeal, we affirmed the judgment of conviction for count one, but reversed as to count two. Lightford v. State, 90 Nev. 136, 520 P.2d 955 (1974). Lightford thereafter filed a motion for a new trial, predicated on the alleged ground that newly discovered evidence showed that his arrest resulted from police entrapment involving an Elbert Williams, who purchased the heroine from Lightford for Mrs. Williams' use.

The granting of a new trial in criminal cases on the ground of newly discovered evidence is largely discretionary with the trial court, and that court's determination will not be reversed on appeal unless abuse of discretion is clearly shown. State v. Crockett, 84 Nev. 516, 444 P.2d 896 (1968); Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); Pacheco v. State, 81 Nev. 639, 408 P.2d 715 (1965). To establish this basis for a new trial, we stated in Oliver v. State, 85 Nev. 418, 424, 456 P.2d 431, 435 (1969), that "the newly-discovered evidence must be (1) newly discovered, (2) material to movant's defense, (3) such that it could not with reasonable diligence have been discovered and produced for the trial, (4) not cumulative, and (5) such as to render a different result probable upon retrial. To which we add (6) that it does not attempt only to contradict a former witness or to impeach or discredit him, unless witness impeached is so important that a different result must follow, [citation omitted]; and (7) that these facts be shown by the best evidence the case admits, [citations omitted]."

The record of the evidentiary hearing held on July 17, 1974, in the court below is not supportive of Lightford's claim of entrapment. Elbert Williams testified that he had known Lightford for the past 15 years and that he was aware that Lightford dealt in narcotics. Williams stated that he telephoned Lightford on November 17 and December 22, 1971, and asked him to get some narcotics for Mrs. Williams. Williams intended

to pay Lightford for the narcotics. The defense of entrapment was defined by this court in In re Wright, 68 Nev. 324, 329, 232 P.2d 398, 400 (1951): "Entrapment is the seduction or improper inducement to commit a crime for the purpose of instituting a criminal prosecution . . ." In Wyatt v. State, 77 Nev. 490, 493, 367 P.2d 104, 106 (1961), this court held that "the defense of entrapment is not available where the officer or other person acted in good faith 'for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent.' " The evidence below showed that Lightford was furnished with an opportunity to commit a crime. He was not induced to do so against his will.

In Trice v. United States, 211 F.2d 513, 518 (9th Cir. 1954), citing Sorrells v. United States, 287 U.S. 435, 441–442 (1932), the Court stated that:

". . . '[a]rtifice and stratagem may be employed to catch those engaged in criminal enterprises. * * * The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to reveal the criminal design; to expose the illicit traffic, the prohibited publication, the fraudulent use of the mails, the illegal conspiracy, or other offenses, and thus to disclose the would-be violators of the law. A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.' . . ."

Of particular note here is the fact that Lightford admitted to recently furnishing Mrs. Williams with narcotics on at least five or six occasions. There was no evidence presented that any of these transactions were the product of improper police conduct. His easy yielding to Mr. Williams' request to furnish Mrs. Williams with narcotics, even though Mr. Williams was then an informer, was tantamount to proof that he was predisposed and that he made the transactions in the course of his willingness to deal illegally in narcotics.

There was no evidence of unlawful entrapment produced at the hearing below. Thus, since a different result on retrial was not probable, the district judge acted properly in denying the motion for new trial. Wrenn v. State, 91 Nev. 423, 537 P.2d 318 (1975).

Affirmed.