REGGI WISE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8547

March 25, 1976                    547 P.2d 314

182

*Morgan D. Harris,* Public Defender, and *Stephen L. Huffaker,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rene Arceneaux,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Reggi Wise was convicted, by jury verdict, of robbery and sentenced to a term of ten (10) years in the Nevada State Prison. Sentence was suspended and Wise was placed on probation for a period of four (4) years. In this appeal Wise contends we should reverse his conviction because (1) he did not receive a fair trial; and, (2) there was insufficient evidence to support the jury verdict. We reject both contentions.

1. In support of the contention that his right to a fair trial was abridged Wise argues the prosecution "purposely" withheld a portion of its "case in chief" which was subsequently introduced in the "guise" of rebuttal testimony. The record establishes the challenged testimony was introduced to show Wise had been in the Golden Nugget Casino immediately after the robbery, a fact he had denied when testifying in his own defense. In this posture, admission of the testimony during rebuttal was permissible. Hilt v. State, 91 Nev. 654, 541 P.2d

645 (1975). See also, Goldsby v. United States, 160 U.S. 70 (1895).

Wise also suggests it was improper for the prosecuting attorney to identify him to witnesses, as he entered the courtroom. This action was not deemed sufficiently prejudicial to warrant an objection when it occurred; therefore, we decline to consider it on appeal. Walker v. State, 89 Nev. 568, 516 P.2d 739 (1973).

2.  In support of his challenge to the sufficiency of evidence to support the verdict, Wise suggests we should reverse because of the "inherent unreliability of eyewitness identification." This novel argument finds no support in this record. During trial Wise was positively identified by two witnesses as the individual who committed the charged robbery. The weight and credibility of the identifying witnesses, testimony is solely within the province of the jury. Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); King v. State, 87 Nev. 537, 490 P.2d 1054 (1971).

The ancillary contention that the in court identification was tainted, because Wise was confronted by a prosecution witness immediately after the robbery, is equally without merit. See Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972). Cf. Riley v. State, 86 Nev. 244, 468 P.2d 11 (1970).

Affirmed.