DANNY McLEMORE, aka HOLLIS TATE, aka HOLLIS CARMICHAEL, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9733

April 25, 1978                                                                 577 P.2d 871

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahls-wede,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant was convicted by jury of robbery and the use of a deadly weapon in the commission of a crime. NRS 200.380 and 193.165. The culpatory evidence came from testimony of the victim Mrs. Jerri Loback, who testified that appellant was one of the two men who robbed the tavern where she was tending bar. She stated that appellant and another entered the bar as customers, purchased drinks from her, then left, only to return within a half hour to commit the robbery.

Appellant was arrested for the crime after Mrs. Loback subsequently identified him in another bar which she was patronizing several weeks after the robbery. As the suspect left, Mrs. Loback made note of the license number of the vehicle and called the police who later stopped the vehicle and brought Mrs. Loback to the scene where she made a positive identification of appellant as one of the robbers.

At trial, Mrs. Loback testified that she had recognized the other suspect during the week immediately preceding the trial while she and her husband were patronizing a bar when the alleged accomplice entered. She informed her husband that she was certain that the man was in fact the second robber. Consequently, as the suspect and his companions left the bar, Mr. Loback noted the license number of the vehicle and so informed the police.

Defense counsel requested the license number and an investigator attempted to find the other suspect. After the trial ended, however, the defense traced the vehicle to an individual who claimed to have loaned it to two white men and a black man who were his neighbors. None of the individuals alleged to have been loaned the vehicle, however, could be located. The defense obtained an order for a photographic lineup to be shown to Mrs. Loback and which was to include a picture of the black man who defense counsel alleged was in the vehicle the night Mrs. Loback recognized the second suspect. At this photographic lineup, Mrs. Loback could not positively identify any picture as that of the second robber. Premised upon this inability of the victim to identify the alleged accomplice, appellant moved for a new trial, alleging a lack of credibility to Mrs. Loback's eyewitness identification of him as one of the robbers. The motion was denied, and appellant now prosecutes this appeal.

The sole issue before us is whether the trial court properly denied the motion for a new trial.

Appellant contends that the inability of Mrs. Loback to identify the alleged accomplice is newly discovered evidence entitling him to a new trial pursuant to NRS 176.515. This Court has required that such newly discovered evidence comply with additional criteria. The evidence must be (1) newly discovered, (2) material to movant's defense, (3) such that it could not with reasonable diligence have been discovered and produced for the trial, (4) not cumulative, (5) such as to render a different result probable upon retrial, (6) that it does not attempt only to contradict a former witness or impeach or discredit him, unless the witness to be impeached is so important

that a different result must follow, and (7) that these facts be shown by the best evidence the case admits. Lightford v. State, 91 Nev. 482, 538 P.2d 585 (1975); Oliver v. State, 85 Nev. 418, 456 P.2d 431 (1969).

Here, the newly discovered evidence fails to establish its materiality to *appellant's* defense nor does it indicate the probability of a different result upon retrial. There is no evidence other than hearsay to indicate that the black man identified by the defense investigator was in fact the black man who was identified by Mrs. Loback the week before trial as the second robber and who was the black man in the vehicle when Mr. Loback noted the license number. Thus, the failure of Mrs. Loback to identify this individual from a photographic lineup is immaterial to her credibility in positively identifying the appellant as the robber.

In the instant case, appellant went to the bar in question twice the evening of the robbery, perpetrating the offense on the second occasion. In the aggregate, the victim had in excess of thirty minutes in which to observe appellant. The circumstances surrounding the criminal act gave the victim a clear opportunity for observation. Here, as in Porter v. State, 94 Nev. 142, 576 P.2d at 275 (1978), "the victim had since immediately following the offense, through [her] testimony, consistently and with unmistakable certainty identified [McLemore] as the perpetrator." Furthermore, her identification testimony was corroborated by other prosecution testimony which described the automobile occupied by appellant as it left the scene of the crime.

The record is devoid of any indication that the victim's identification testimony was in any way put in doubt. Indeed, her positive identification of appellant as one of the robbers, given with a high degree of precision, was subjected to meaningful cross and recross-examination. Finally, we add that closing argument affords counsel an appropriate means to address any claimed weaknesses in eyewitness identification. *Compare,* United States v. Barber, 442 F.2d 517 (3rd Cir. 1971).

The weight and credibility of identification testimony is solely within the province of the jury. Wise v. State, 92 Nev. 181, 547 P.2d 314 (1976). The identification by the victim of appellant is substantial evidence that the appellant was the person who committed the crime. State v. Jordan, 564 P.2d 340 (Wash.App. 1977); State v. Johnson, 527 P.2d 1324 (Wash.App. 1974).

The trial court in denying the motion for new trial was properly reluctant to interfere with the province of the jury to determine the credibility of Mrs. Loback's testimony, *Wise, supra;* Watkins v. State, 93 Nev. 100, 560 P.2d 921 (1977); Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975); King v. State, 87 Nev. 537, 490 P.2d 1054 (1971), and did not abuse its discretion in denying appellant's motion for new trial. Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); Pacheco v. State, 81 Nev. 639, 408 P.2d 715 (1965).

The lower court's order denying appellant's motion for new trial is affirmed.

BATJER, C. J., and MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result.