An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HERBIE FREDRICK MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63389

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of first-degree murder with the use of a deadly weapon, two counts of attempted murder with the use of a deadly weapon, and two counts of battery with the use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant Herbie Fredrick Moore contends that the district court erred by denying his pretrial motion to suppress an identification. Moore argued that Latisha Dorsey's identification of him was unnecessarily suggestive because she was not asked to participate in a live line-up or shown a photographic line-up and she identified him for the first time during the preliminary hearing—where he was the only black male and was dressed in jail garb. We review a district court's ruling on a motion to suppress identification testimony for abuse of discretion because it is an evidentiary decision. *See Mclellan v. State*, 124 Nev. 263, 269, 182 P.3d 106, 110 (2008). The district court conducted a hearing on the motion and found that Dorsey testified that she had ample

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15392

opportunity to view Moore and be familiar with his appearance, and the certainty with which she identified Moore and the attendant circumstances of the identification did not suggest a due process violation. The record supports the district court's findings and we conclude that it did not abuse its discretion in this regard. *See Browning v. State*, 104 Nev. 269, 274, 757 P.2d 351, 354 (1988) (discussing in-court identifications); *Jones v. State*, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979).

Second, Moore contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory or impeachment evidence before the preliminary hearing. "*Brady* and its progeny require a prosecutor to disclose evidence favorable to the defense when that evidence is material either to guilt or to punishment." *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 133 S. Ct. 988 (2013). However, *Brady* only requires the State "to turn over the evidence *in time for it to be of use at trial.*" *United States v. Fernandez*, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000); *see also United State v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) ("*Brady* does not necessarily require that the prosecution turn over exculpatory material *before* trial. To escape the *Brady* sanction, disclosure must be made at a time when disclosure would be of value to the accused." (internal quotation marks omitted)); *United States v. Wilson*, 160 F.3d 732, 742 (D.C. Cir. 1998) ("[A] new trial is rarely warranted based on a *Brady* claim where the defendants obtained the information in time to make use of it."). Here, the record demonstrates that Moore received a

transcript of Angel Grant's police statement a full two years before his case went trial, and it does not demonstrate a reasonable probability that the result of the preliminary hearing would have been different if the statement had been provided sooner. *See Sheriff, Washoe Cnty. v. Middleton*, 112 Nev. 956, 961, 921 P.2d 282, 286 (1996) ("[P]robable cause to bind a defendant over for trial may be based on slight, even marginal evidence." (internal quotation marks omitted)). Accordingly, we conclude that this contention is without merit.

Third, Moore contends that the State obtained Laura Fradiue's testimony through coercion by threatening to place her in jail and take her children away. Because Moore failed to object to Fradiue's testimony on these grounds at trial, we review this contention for plain error. *See Mclellan*, 124 Nev. at 269, 182 P.3d at 110. "Witness intimidation by a prosecutor can warrant a new trial if it results in a denial of the defendant's right to a fair trial." *Rippo v. State*, 113 Nev. 1239, 1251, 946 P.2d 1017, 1025 (1997). The record reveals that Fradiue testified on direct examination that a uniformed officer and homicide detective came to her house to talk about an incident involving her car. The detective told her that she would have been taken to jail and her children would have been taken away if a different officer had responded to the incident. And she did not feel threatened by the officers or that she had to tell them "one thing in order not to be arrested or not have [her] children taken or anything." However, on cross-examination she testified that the officers told her that her children would be taken away if she lied

or did not cooperate with them and this scared her as a mother. Because the circumstances under which Fradiue talked to the police were presented to the jury and constituted factors that the jury could weigh when assessing the credibility of her testimony, *see Wise v. State*, 92 Nev. 181, 183, 547 P.2d 314, 315 (1976), we conclude that Moore has not demonstrated plain error.

Having concluded that Moore is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

I dissent. I would have set the matter for oral argument.

_____, J.
Cherry

cc:    Hon. Elissa F. Cadish, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk