# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: F. A. A/K/A F. A.,
A MINOR,

_____

THE STATE OF NEVADA,
Appellant,
vs.
F. A. A/K/A F. A.,
Respondents.

IN THE MATTER OF: F. A. A/K/A F. A.,
A MINOR,

_____

THE STATE OF NEVADA,
Appellant,
vs.
F. A. A/K/A F. A.,
Respondents.

No. 62086

FILED

JUL 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 62087

## ORDER OF AFFIRMANCE

These are consolidated appeals from a juvenile court order denying the State's petitions to certify respondent, F.A., to stand trial as an adult. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

We first address F.A.'s claim that the juvenile court's order should be affirmed because the State failed to establish prosecutive merit. Specifically, F.A. contends that the juvenile court erred by concluding that the State established prosecutive merit because eyewitness testimony is inherently unreliable and because the weapons allegedly used in the offenses were never recovered.

"To say that there is prosecutive merit is to say that there is probable cause to believe that the subject minor committed the charged crime." *In re Seven Minors*, 99 Nev. 427, 437, 664 P.2d 947, 953 (1983),

16-22050

*disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006); *see also Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("The finding of probable cause may be based on slight, even marginal evidence." (internal quotation marks omitted)). "An adversary hearing is not required, and the probable cause finding may be based on evidence taken from the petition, sworn investigative reports, witnesses' affidavits, police affidavits, or other informal but reliable evidence." *In re Three Minors*, 100 Nev. 414, 418, 684 P.2d 1121, 1123-24 (1984), *disapproved of on other grounds by William S.*, 122 Nev. at 442 n.23, 132 P.3d at 1021 n.23. The juvenile court's ruling regarding prosecutive merit will not be overturned absent substantial error. *Cf. Sheriff v. Provenza*, 97 Nev. 346, 630 P.2d 265 (1981) (district court's ruling regarding probable cause will not be overturned absent substantial error).

Here, the juvenile court considered documentary evidence that F.A. robbed three victims of their cell phones and one victim of his iPod. In three of the robberies, the victims claimed that the perpetrator revealed a handgun in his waistband, while the fourth victim claimed that the perpetrator utilized a knife. All four victims identified F.A. in photo lineups, and the fourth victim's iPod was turned over to police by F.A.'s mother, who informed police F.A. had given her the iPod. Based on this evidence, we conclude that the juvenile court did not substantially err by determining that the charged offenses were supported by prosecutive merit. *See Wise v. State*, 92 Nev. 181, 183, 547 P.2d 314, 315 (1976) (declining to reverse a conviction for insufficient evidence based on "the 'inherent unreliability of eyewitness identification'").

The State contends that the juvenile court abused its discretion when it denied the State's petitions to certify F.A. pursuant to

NRS 62B.390(1), or discretionary certification. Specifically, the State claims the juvenile court should not have considered F.A.'s subjective factors, or the third category outlined in *Seven Minors*, because the first two categories clearly warranted certification. *See Seven Minors*, 99 Nev. at 434-35, 664 P.2d at 952. Additionally, the State argues that even if the juvenile court properly considered the subjective factors, it impermissibly denied the certification petitions solely because of F.A.'s amenability to treatment in the juvenile system. *Id.* at 439-40, 664 P.2d at 955. "[T]he [juvenile] court retains broad discretion in making discretionary certification decisions in accordance with the guidelines set forth in *Seven Minors*." *In re William S.*, 122 Nev. 432, 441-42, 132 P.3d 1015, 1021 (2006). "An abuse of discretion occurs if the [juvenile] court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36-37 (2007) (alteration in original) (quoting *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001)).

Having considered the parties' arguments and reviewed the record before this court, we conclude the State has failed to demonstrate that the juvenile court arbitrarily or capriciously exercised its discretion or that its decision to deny the petitions to certify F.A. exceeded the bounds of law or reason. *See generally Bradley v. State*, 109 Nev. 1090, 1094-95, 864 P.2d 1272, 1275 (1993) (discussing that it is generally a court's written order, as opposed to any oral statement, that governs). After multiple hearings and careful consideration, the juvenile court determined that neither of the first two categories outlined in *Seven Minors* clearly compelled certification; rather, it balanced all three categories from *Seven Minors* and concluded that community safety and public interest were best

 

served by retaining F.A. in the juvenile system. *See In re Eric A.L.*, 123 Nev. at 34, 153 P.3d at 37 (recognizing that the juvenile court may, in examining the third factor, consider a juvenile's amenability to treatment). We discern no abuse of discretion.

Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. William O. Voy, District Judge, Family Court Division
     Attorney General/Carson City
     Clark County District Attorney/Juvenile Division
     Clark County Public Defender
     Eighth District Court Clerk