IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE ENRIQUE LATORRE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78411

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, burglary while in possession of a firearm, conspiracy to commit burglary, conspiracy to commit robbery, robbery with the use of a deadly weapon, possession of a stolen vehicle, battery with intent to commit a crime, and assault with a deadly weapon.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Jorge Latorre raises several issues.

*Voluntary manslaughter instruction*

First, Latorre argues that, because no witness testified about the initial interaction when he entered the victim's home and the victim was under the influence of methamphetamine, the district court erred by not instructing the jury on the lessor-included offense of voluntary manslaughter. We disagree. A district court's refusal to give a jury instruction is reviewed for an abuse of discretion. *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

20-18633

The evidence presented at trial showed the murder was premeditated, deliberate, and occurred during a robbery. The victim's girlfriend S.G. testified that she heard a commotion in the common area of the residence and someone demanding drugs. Knowing they were being robbed, she gathered all the drugs and cash and hid in the bathroom. At the victim's urging, S.G. opened the door and Latorre pointed a gun at her and demanded she give him the drugs. S.G. hesitated and asked Latorre not to hurt the victim. Latorre punched S.G. in the face and aimed the gun at the victim's head. While the victim attempted to collect the drugs, Latorre shot and killed him. S.G. testified that Latorre appeared to be "just frustrated" with the victim before killing him. Further, the victim's roommate testified, and video surveillance showed, that another man was standing outside the home with a knife acting as a lookout. Nothing in the record suggests a "highly provoking injury" or "irresistible passion" preceded the killing, as required for a voluntary manslaughter verdict. NRS 200.050(1) (defining voluntary manslaughter). Absent any evidence to support a voluntary manslaughter verdict, Latorre was not entitled to an instruction on voluntary manslaughter. *Cf. Newson v. State*, 136 Nev., Adv. Op. 22, ___ P.3d ___ (2020) (concluding that a voluntary manslaughter instruction was warranted where there was evidence in the record to support a voluntary manslaughter verdict). Therefore, we conclude the district court did not abuse its discretion by refusing Latorre's proposed instruction. *See Collins v. State*, 133 Nev. 717, 728-29, 405 P.3d 657, 666 (2017) (concluding that the district court properly refused to give a voluntary manslaughter instruction where no evidence supported the charge).

*Prosecutorial misconduct*

Second, Latorre claims that the State committed prosecutorial misconduct during closing and rebuttal arguments on two grounds—by improperly commenting on his decision not to testify and by vouching for a witness. We disagree. When considering claims of prosecutorial misconduct, the reviewing court must determine whether the prosecutor's conduct was improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008).

Regarding the first ground, the State commented during closing argument that: "We don't know exactly what transpired in there at the front door because the one witness who would know he's deceased," and "Do we know how Defendant got into that house? As we talked about we don't because the person, [the victim], he's dead now. He's not here to testify." These comments were, at most, indirect references to Latorre's decision not to testify. When reviewing a prosecutor's indirect reference to a defendant's decision not to testify, we must determine "whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be comment on the defendant's failure to testify." *Harkness v. State*, 107 Nev. 800, 803, 820 P.2d 759, 761 (1991) (internal quotations omitted). Here, the prosecutor was addressing the defense argument that no evidence established what happened when Latorre initially entered the victim's home, which the defense emphasized throughout trial. Under these circumstances, we are not convinced that the jury would naturally and necessarily understand the prosecutor's language as a comment on Latorre's decision not to testify.

Regarding the second ground, the State argued that Detective Gillis' testimony that a "lick" means a robbery was more credible than

alternative interpretations offered by other witnesses—e.g., winning money through gambling. The prosecutor's comments did not improperly vouch for Detective Gillis. *See Browning v. State*, 120 Nev. 347, 359, 91 P.3d 39, 48 (2004) ("The prosecution may not vouch for a witness; such vouching occurs when the prosecution places 'the prestige of the government behind the witness' by providing 'personal assurances of [the] witness's veracity.'" (alteration in original) (quoting *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (internal quotation marks omitted))); *Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) (providing that "the prosecutor may argue inferences from the evidence and offer conclusions on contested issues" (internal quotation marks omitted)). Based on this record, we conclude Latorre has not shown the prosecutor's conduct was improper.

*Juror contact with a witness*

Third, Latorre argues the district court erred by not removing a juror who had seen a witness at her place of employment. We disagree. "District courts have broad discretion in deciding whether to remove prospective jurors for cause." *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) (internal quotation marks omitted), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017); *see also Viray v. State*, 121 Nev. 159, 163, 111 P.3d 1079, 1082 (2005) (concluding that the decision to "remove a juror mid-trial for" discussing the case with another juror is reviewed for an abuse of discretion).

Here, during trial, a juror notified the district court that a month prior she had seen one of the witnesses at her place of employment. She explained that she saw the witness once and recognized her because of a distinctive physical feature. The juror unequivocally stated that the incident did not affect her ability to be impartial. The district court

concluded that nothing about the incident warranted removing the juror; we agree and conclude the district court did not abuse its discretion. *See Leonard v. State*, 114 Nev. 1196, 1207-08, 969 P.2d 288, 295-96 (1998) (concluding that the district court did not abuse its discretion by not removing jurors who had incidental contact with a witness because the contact did not prejudice the defendant in the context of a motion for a mistrial). Further, under these facts, we are not persuaded by Latorre's contention that implied bias warranted the juror's removal. *See Sayedzada v. State*, 134 Nev. 283, 289-91, 419 P.3d 184, 191-92 (Ct. App. 2018) (discussing the potential biases that would warrant removing a juror for cause).

*Fair-cross-section challenge*

Fourth, Latorre argues that the district court abused its discretion by denying his request for an evidentiary hearing to address his fair-cross-section challenge to the venire and his related motion for a new trial under NRS 176.515(1). We disagree.

A criminal defendant is entitled to "a venire selected from a fair cross section of the community." *Williams v. State*, 121 Nev. 934, 939, 125 P.3d 627, 631 (2005). To show a prima facie violation of that right, the proponent must demonstrate that (1) the allegedly underrepresented group is distinctive in the community, (2) that group is not fairly and reasonably represented "in relation to the number of such persons in the community," and (3) the "underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.* at 940, 125 P.3d at 631 (internal quotation marks and emphases omitted). We review the denial of a requested evidentiary hearing for an abuse of discretion. *Valentine v. State*, 135 Nev., Adv. Op. 62, 454 P.3d 709, 713 (2019). Here, Latorre objected to the venire

on the grounds that no prospective jurors identified as Hispanics and the jury panel may not have been pulled in conformity with the NRS 6.045(3). The district court observed that an appropriate number of Hispanics were present, and Latorre concedes that, after trial, ethnicity reports showed a representative number of Hispanics were on the venire. Because Latorre cannot satisfy the second prong for a fair-cross-section challenge, we decline to consider his argument on the third prong. *See Morgan v. State*, 134 Nev. 200, 208, 416 P.3d 212, 222 (2018) (providing that an appellant's failure to show underrepresentation "proves fatal" for a fair-cross-section claim and "analysis of the third prong is unnecessary"). Therefore, we conclude Latorre was not entitled to a new venire, and the district court did not abuse its discretion by denying his challenge. And any error in relying on outdated jury commissioner testimony and denying Latorre's request for an evidentiary hearing, *see Valentine*, 135 Nev., Adv. Op. 62, 454 P.3d at 715, is harmless because Latorre's substantial rights were not affected as the record shows that Hispanics were not underrepresented. *See* NRS 178.598 (harmless error rule). Regarding Latorre's motion for a new trial, because Latorre did not establish a violation of his right to a venire comprised of a fair cross section of the community, we conclude the district court did not abuse its discretion by denying the motion.[2] *See Pacheco v. State*, 81 Nev. 639, 641, 408 P.2d 715, 716 (1965) (reviewing the decision on a motion for a new trial for an abuse of discretion and providing that newly discovered evidence must "be such as to render a different result probable on retrial").

_____

[2]Given our conclusion, we do not address the State's argument that Latorre did not present "newly discovered evidence" under NRS 176.515(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Cumulative error*

Finally, Latorre argues that cumulative error requires reversal. Because we discern no errors, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 140 n.2, 442 P.3d 138, 145 n.2 (2019) (concluding that there were no errors to cumulate when the court found only a single error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas W. Herndon, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk