TERRY LEE CUTLER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10471

June 14, 1979                                      596 P.2d 216

*Norman Y. Herring,* Public Defender, Carson City; and *Gary D. Woodbury,* Deputy Public Defender, White Pine County, for Appellant.

---

*Richard H. Bryan,* Attorney General, Carson City; and *Robert Johnston,* District Attorney, White Pine County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

In Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977), this Court affirmed Terry Lee Cutler's conviction of first-degree murder, for killing Dale Kaze. Subsequently, Cutler moved for a new trial based on newly discovered evidence, i.e. testimony by Michael Bowman. At trial, Cutler had requested Bowman to testify, but Bowman, charged with the same crime, declined to testify on advice of counsel. After Cutler's conviction, however, Bowman pleaded guilty to second-degree murder, and, thereupon, testified at the hearing of Cutler's motion. In a carefully reasoned order, the district court concluded this new evidence was mostly cumulative, partially inculpatory, and would not, in any event, cause a jury to reach a different result. Accordingly, the court having denied his motion, Cutler appeals.

According to Bowman's testimony, on the day of the killing, Bowman, Cutler and two minor females were guests at Kaze's residence. Bowman and Cutler had purchased and ingested drugs and alcohol. Heavily under the influence of drugs, they were discussing strangleholds when Kaze entered the room. Thereupon, Bowman demonstrated a stranglehold on Kaze, while Cutler, intoxicated, simply sat staring at the wall. Although present, the two girls also omitted to watch the event. When Cutler later inquired about what had happened to Kaze, Bowman said he was "knocked out," but would be all right in a few minutes. On Bowman's instructions, Cutler went outside and turned Kaze's car around. By the time Cutler returned, Bowman had tied up the victim, and hidden him under a bed. Bowman then informed Cutler that Kaze, on regaining consciousness, had departed—but not before giving them permission to use his car. Thereupon, Bowman's story concluded, he and Cutler, with the two girls, left for Las Vegas.

On a motion for new trial, we have urged caution in considering testimony of a co-defendant or accomplice who, following his own conviction, attempts to exculpate another by accepting the responsibility for a common criminal act. Oliver v. State, 85 Nev. 418, 456 P.2d 431 (1969); Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968). "The granting of a new trial in criminal cases on the ground of newly discovered evidence is largely discretionary with the trial court, and that court's determination will not be reversed on appeal unless abuse of discretion is clearly shown." Lightford v. State, 91 Nev. 482, 483, 538 P.2d 585, 586 (1975).

Here, we perceive no abuse of discretion. Even isolated from other evidence of record, Bowman's testimony lacks credibility. Considered in conjunction with the trial transcript, it is cumulative, contradicted, and, in part, inculpatory.[1] The order denying Cutler's motion for new trial clearly shows the trial judge applied the proper legal standards, *see* Lightford v. State, *supra;* he reviewed the case in light of all circumstances, State v. Crockett, 84 Nev. 516, 444 P.2d 896 (1968); and he properly concluded the new evidence would not change the result of the trial.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

---

[1]Bowman's testimony regarding events preceding the strangulation corroborates that given by Cutler on his own behalf at trial, i.e. both men went to a bank, purchased drugs, and ingested large quantities of alcohol and drugs during the day. This new evidence is thus cumulative.

Bowman's story with respect to the crime itself is directly contradicted by testimony of the minor females, eyewitnesses to the attack, who testified Cutler responded to Bowman's call to hold Kaze down, while Bowman smoked a cigarette.

Expert medical testimony established the presence of both cuticle and bootlace marks on the victim's neck, indicating Kaze was strangled both by hand and by instrument. Bowman denied using either his hands or bootlaces.