An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SEAN MCKAY LARSON, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 67202 |
| SEAN MCKAY LARSON, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 67946 |

**FILED**

OCT 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a judgment of conviction pursuant to a jury verdict of conspiracy to commit robbery, first-degree kidnapping, battery with the intent to commit a crime, and robbery with the use of a deadly weapon, and from an order denying a motion for a new trial. Eighth Judicial District Court, Clark County; David B. Barker, Judge. Appellant Sean McKay Larson raises two contentions in these appeals.

First, Larson contends that the prosecutor committed misconduct by introducing evidence that he refused to waive his Fourth and Fifth Amendment rights and by arguing that his refusals were evidence of his guilt. Larson also contends that the district court erred by failing to intervene *sua sponte*. Larson concedes that he failed to object, and therefore we review for plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (describing plain error review).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31857

We conclude that Larson fails to demonstrate plain error. Larson has not established that he possessed a Fourth or Fifth Amendment right allowing him to refuse to cooperate with law enforcement under the circumstances. *See Meisler v. State*, 130 Nev., Adv. Op. 30, 321 P.3d 930, 933 (2014); *see also Angle v. State*, 113 Nev. 757, 763 n.2, 942 P.2d 177, 181 n.2 (1997). To the extent Larson alleges that relief is warranted because he believed he had such a right, his failure to object prevented this issue from being fully developed; moreover, any error is not "so unmistakable that it is apparent from a casual inspection of the record," *Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015) (quotation marks and citation omitted). Larson also fails to demonstrate actual prejudice. *Green*, 119 Nev. at 545, 80 P.3d at 95.

Second, Larson contends that the district court abused its discretion by denying his motion for a new trial.[1] *See Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284-85 (1991) (describing the factors relevant for consideration regarding a motion for a new trial based on newly discovered evidence). We conclude that no relief is warranted. The district court correctly determined that the newly-offered statements, which were made by Larson's codefendant while requesting leniency at sentencing, had dubious value and would likely be viewed by a jury as incriminating when considered in context. *See Cutler v. State*, 95 Nev. 427, 429, 596 P.2d 216, 217 (1979). We also agree that the statements

---

[1]We decline the State's invitation to reject this claim, but note that appellant's appendix should always include all documents relevant to the claim raised on appeal. *See* NRAP 30(b); NRAP 30(b)(1). We also decline appellant's invitation to deem the State's response as a confession of error.

 

would not make a different result "probable upon retrial." *Sanborn*, 107 Nev. at 406, 812 P.2d at 1284.

Having considered Larson's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction and the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. David B. Barker, District Judge
       Lambrose Brown
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk