## BILLY RAY RILEY, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 9288

August 17, 1977            567 P.2d 475

*Jeffrey D. Sobel,* of Las Vegas, for Appellant.

*George E. Holt,* District Attorney, *H. Leon Simon* and *Howard Douglas Clark,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, Thompson, J.:

The Fifth Amendment to the Federal Constitution and art. 6, § 4 of our State Constitution each command that no person shall be deprived of his liberty without due process of law.

The appellant was convicted by a jury of the crime of attempted murder. The district court denied his motion for a new trial. In doing so, the court stated that "the testimony against the defendant was fraught with perjury." Indeed, the court previously had ordered the prosecutor's office to investigate apparent perjury. At a post-trial hearing, and in response

to that order, a deputy prosecutor advised the court that "it appears that about ninety percent of the witnesses lied, including defense witnesses," and that the investigation was continuing.

A vital issue before the jury and concerning which perjury may have occurred was whether the shooting was accidental or intentional. In this setting the appeal from the order denying a new trial presents a question of fundamental due process. For reasons hereafter stated, we reverse the judgment of conviction and sentence imposed thereon.

It is established that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. Pyle v. Kansas, 317 U.S. 213 (1942); Alcorta v. Texas, 355 U.S. 28 (1957); Napue v. Illinois, 360 U.S. 264 (1959); Miller v. Pate, 386 U.S. 1 (1967); Giglio v. United States, 405 U.S. 150 (1972).

There is no suggestion in this case that the prosecutor knowingly used perjured testimony. Prosecutorial misconduct is not involved. To this extent, the case at hand is different from those cited above. Notwithstanding this distinguishing feature, the truth seeking function of the trial is corrupted by such perjury whether encouraged by the prosecutor or occurring without his knowledge. It seems to us that if the character of material evidence is false, due process inevitably is denied the accused.

Here, the perjury was apparent to the judge and acknowledged by the prosecutor after trial. Some of the perjured testimony concerned the critical issue—whether the shooting was accidental or intentional. In these circumstances we cannot rule that the accused received a fair trial. Accordingly, we set aside the conviction and remand for such further proceedings deemed warranted by the prosecutor.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.