DONNA CLAIRE KING, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

Nos. 10169 and 10577

June 28, 1979                                    596 P.2d 501

[Rehearing denied July 24, 1979]

*William S. Skupa* and *John P. Lukens,* Las Vegas, for Appellant.

---

498

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *H. Leon Simon,* Chief Appellate Deputy District Attorney, *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was convicted by jury verdict of the murder of her husband and sentenced to life in prison without the possibility of parole. She claims on appeal No. 10169 that there was insufficient evidence to support the verdict and on appeal No. 10577 that the district court erred in denying her motion for a new trial. We disagree.

No. 10169. During the early months of 1975 the victim,

appellant and one Gary Krueger all resided in a trailer in the Las Vegas area. On the night of March 4, 1975, the victim was murdered by a hatchet blow to the head. Appellant and Krueger were indicted for the murder. In a separate trial Krueger was convicted of first degree murder. *See* Krueger v. State, 92 Nev. 749, 557 P.2d 717 (1976).

The evidence adduced at trial was sufficient to justify the jury's conclusion that appellant participated in the premeditated murder of James King. She was not only present in the trailer during the murder, but she had also induced the deceased into a prone position and was massaging him when Krueger struck the fatal blow. After the murder, appellant washed the hatchet, dressed the deceased, and began to clean up the blood-stained residence. Krueger placed the body in the victim's car and drove to a remote area where Krueger ran the car down an embankment in order to make the cause of death appear to be an auto accident. Evidence was also presented which tended to prove that appellant had planned to have the King children away from the home at the time of the murder. Other evidence established that the motive for the murder was her dislike for her husband and her love for Krueger.

Disregarding the irrelevant evidence admitted by the trial court, we conclude that there is sufficient evidence to support the jury's verdict. This court will not disturb such a verdict. Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

No. 10577. Shortly after the appellant's trial, a detective working for the defense secretly recorded a conversation with Debbie King, the fifteen-year-old stepdaughter of the appellant. On tape Debbie stated that she had lied at the trial. Appellant moved for a new trial based upon this newly discovered evidence. At the hearing, Debbie, under oath, denied making the statement to the detective and affirmed her original trial testimony. The district court denied the motion.

Appellant, relying on Riley v. State, 93 Nev. 461, 567 P.2d 475 (1977), argues that due process considerations require a new trial because of Debbie's perjury. Appellant's reliance on *Riley* is misplaced. In that case we ordered a new trial because the prosecution admitted that a majority of witnesses had committed perjury. Here, there is no proof that Debbie committed perjury. Although the recorded conversation contained a statement that she lied at trial, the setting in which the conversation took place was not of a nature which would insure truthfulness. Furthermore, during the conversation Debbie did not

contradict any of her trial testimony; indeed, at one point she confirmed a statement made at trial. Since no perjury has been proven, due process does not require a new trial.

Appellant next contends that the district court abused its discretion when it refused to grant the new trial. Although the newly discovered evidence could only be used to impeach the witness, such evidence may be sufficient to justify the granting of a new trial if the witness impeached is so important that a different result must follow. Oliver v. State, 85 Nev. 418, 424, 456 P.2d 431, 435 (1969). Despite the district court's failure to determine if the impeachment of Debbie King would result in a different verdict, it did find that there was sufficient evidence to convict the appellant regardless of Debbie's testimony. A review of the evidence reveals that Debbie's testimony was not so crucial that a different result would be required if she were impeached. The district court did not abuse its discretion. Cf. McLemore v. State, 94 Nev. 237, 577 P.2d 871 (1978); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978).

Appellant's conviction and the order denying a new trial are affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.