## CHARLES R. ARMSTRONG, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10943

February 6, 1980                                    605 P.2d 1142

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *David B. Small,* District Attorney, and *Frann Moore,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Charles R. Armstrong appeals from the denial of his motion for a new trial. Appellant was convicted of the infamous crime against nature for the commission of an act of sodomy upon a seventeen year old.[1]

Appellant asserts that a new trial is required because the State had not made available for his defense a laboratory report on a pair of underpants worn by the victim showing that no vaseline-type substance was discovered on the underpants.

---

[1]Appellant was convicted in 1976 under NRS 201.190, which was later amended, 1977 Nev. Stats. ch. 430, § 84 at 866, and 1977 Nev. Stats. ch. 598, § 17 at 1632.

At trial, the victim had testified that appellant had smeared a vaseline-type substance "all over my back." It is appellant's contention that the new evidence would have been instrumental in impeaching the victim, whose testimony had been instrumental in the identification of appellant. A report verifying the presence of sperm in the victim's rectum confirmed that an act of sodomy had occurred.

The trial court, in denying the relief sought, found, *inter alia,* that the evidence would in no way have affected the outcome of the trial.

In United States v. Agurs, 427 U.S. 97 (1976), the United States Supreme Court considered the effect of nondisclosure of evidence by a prosecutor. In that case the defendant had been adjudged guilty of second degree murder. The defense interposed at trial had been self-defense; the prosecutor had withheld the criminal record of the victim which evidenced a violent nature. In refusing to grant a new trial, the federal district court, after finding that the withheld record was merely cumulative of evidence adduced at trial that the victim possessed two knives on his person on the day of his death, held that the new evidence would not raise a reasonable doubt as to guilt.

The Court of Appeals reversed. United States v. Agurs, 510 F.2d 1249 (D.C.Cir. 1975). The Supreme Court reinstated the district court decision stating that evidence withheld by a prosecutor, in order to constitute grounds for a new trial, must be material to the guilt or innocence of the defendant.[2] As the district court had found such materiality wanting, a new trial had been properly denied.

We find *Agurs* dispositive of this appeal. The district judge, who presided over the trial and, in considering the instant motion, reviewed the trial transcript, was in the best position to assess the possible impact of the new evidence. The record discloses that the evidence against appellant adduced at trial was quite strong, *see* United States v. Agurs, *supra,* and supports the district judge's conclusion that the new evidence would not have affected the outcome.

Accordingly, the judgment is affirmed.

---

[2]This standard was distinguished from the harsher standard that the new evidence would have made acquittal likely. That standard is usually applied to evidence discovered from a neutral source. *See, e.g.,* United States v. Thompson, 493 F.2d 305 (9th Cir. 1974), *cert. denied,* 419 U.S. 834 (1974); State v. Crockett, 84 Nev. 516, 444 P.2d 896 (1968).