REXFORD HUNT, JR. AND ARTHUR F. WHITTEMORE, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 10568

June 18, 1980                                                612 P.2d 683

*Goodman, Oshins, Brown & Singer, Chartered,* and *William B. Terry,* Las Vegas, for Appellants.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Gregory Diamond,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellants of cheating at gambling, a violation of NRS 465.080.[1] Appellants assert that a new trial is required because the prosecutor failed to apprise defense counsel that a prosecution witness had made a mistake while testifying at preliminary hearing. A police officer had first testified that when he arrested appellants, he found a piece of eight-inch string in the slot machine which he saw appellant Hunt playing. Before he testified at trial, however, the police officer informed the prosecutor that he was mistaken: the string had been found on an earlier occasion. As a result of the officer's disclosure, the prosecutor neither questioned the police officer concerning the eight-inch string, nor offered as an exhibit the eight-inch string. He did, however, argue that a string is an item easily discarded. The trial court denied appellants' motion for new trial, and this appeal follows.

On appeal, appellants argue absence of the expected testimony damaged and disrupted their defense.

---

[1]NRS 465.080(2) provides in material part:

" . . . .

"2. It is unlawful for any person, in playing or using any slot machine designed to receive or be operated by lawful coin of the United States of America:

" . . . .

"(b) To use any cheating or thieving device, including but not limited to tools, drills, wires, coins attached to strings or wires or electronic or magnetic devices, to unlawfully facilitate aligning any winning combination or removing from any slot machine any money or other contents thereof."

The appellants assert the prosecutor's failure to apprise defense counsel that the police officer had made a mistake was improper, and that reversal is required. In support of their position, appellants cite Giles v. Maryland, 386 U.S. 66 (1967); Brady v. Maryland, 373 U.S. 83 (1963), and Napue v. Illinois, 360 U.S. 264 (1959). We believe, however, that the cases cited are inapposite. The prosecutor refrained from using what he believed was unreliable testimony in his case in chief. The fact that the officer had testified differently at preliminary hearing was known to defense counsel. In spite of this allegedly damaging and disruptive omission, defense counsel did not request a continuance, did not call the officer as defense witness, did not attempt to have the eight-inch string introduced into evidence. Instead, after learning the reason for the omitted testimony, the defense rested.

Clearly, no prejudice occurred unless the evidence assertedly withheld was so crucial that a different result would be reached if the case were retried. See Armstrong v. State, 96 Nev. 175, 605 P.2d 1142 (1980); cf. King v. State, 95 Nev. 497, 596 P.2d 501 (1979). On the record before us, the trial court properly could reach the conclusion that evidence of guilt was such that inclusion of the testimony expected would be unlikely to change the result. The officer testified he found a monofilament wire wound around appellant Whittemore's coat button and pieces of scotch tape under Whittemore's coat lapel. The officer also found a coin with a piece of scotch tape in the slot tray. The prosecution's expert described how such items may be used to cheat a slot machine, and also testified that it was possible to use a paper clip, or other such item, as a handle to achieve the necessary string length. A witness also observed the appellants playing the slot machine in a suspicious manner. In view of these facts, we perceive no prejudicial error.

Affirmed.