Roy Dean WARD, Petitioner,

v.

Charles L. WOLFF, Jr., Dir., Nevada Department of Prisons, Richard H. Bryan, Attorney General for the State of Nevada, Respondents.

No. CIV–R–79–188.

United Stated District Court,
D. Nevada.

Aug. 7, 1980.

Roy Dean Wolf, in pro per.

Robert J. Miller, Dist. Atty., Gregory C. Diamond, Deputy Dist. Atty., Las Vegas, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., District Judge.

On February 1, 1980, this Court dismissed above–named petitioner's Petition for Habeas Corpus relief because petitioner made no showing that all State Court remedies had been exhausted. Specifically, petitioner failed to show that he raised the issue of certain newly discovered evidence at the State Court level.

Petitioner is presently before the Court with a petition for rehearing. Included with the petition are copies of petitioner's motion for a new trial based on newly discovered evidence, the subsequent order denying said motion, and petitioner's brief presented to the Supreme Court of Nevada on appeal.

Petitioner's exhibits demonstrate that the issue of newly discovered evidence was indeed raised at the trial court level and on direct appeal to the Nevada Supreme Court.

■ A petitioner who has provided his claim to the highest available state court on direct appeal is not required to show that he sought collateral review in the state court. The additional step is not a condition to petitioning for federal habeas corpus relief.

*Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1952). *Gonzales v. Stone*, 546 F.2d 807, 808 (9th Cir. 1976). Therefore, the previous order of this Court is vacated. The Court now addresses the merits of petitioner's claims for habeas relief.

On March 10, 1978, petitioner Roy Dean Ward was convicted of robbery with the use of a deadly weapon at a jury trial in the Eighth Judicial District Court of the State of Nevada. The Court subsequently sentenced him to two consecutive twelve–year terms. Petitioner first made a motion for a new trial based on newly discovered evidence, and upon the subsequent denial of that motion he appealed to the Nevada Supreme Court.

On appeal, petitioner claimed that his conviction was obtained as a result of perjured evidence, that the district court erred when it gave certain jury instructions and refused others, and that it erred when it refused to grant petitioner's motion for a new trial. The Nevada Supreme Court affirmed. Petitioner now asserts the same grounds as bases for habeas relief.

■ The robbery of the Der Wienerschnitzel restaurant for which petitioner was convicted occurred on October 22, 1977. It was accomplished by two men, one armed with a handgun, both wearing ski masks. The two employees present at the time of the robbery, Karen Bearfield and Matt Flood, later testified on behalf of the prosecution.

Their testimony given at the preliminary hearing, concerning descriptions of the suspects and the time of the robbery, apparently differed to some extent with that subsequently given at trial. Petitioner bases his first ground for habeas relief on these discrepancies, claiming that they amount to perjury.

There is nothing in the record to support petitioner's conclusion that the discrepancies in the testimony of Bearfield and Flood constitute anything more than inadvertence or mistake. As the discrepancies were brought out at petitioner's trial on cross–

examination, the issue became one of credibility. The jury resolved the question in favor of the prosecution. It is not for this Court to displace the jury's resolution of issues concerning witness credibility with that of its own. *United States v. Rodriguez*, 546 F.2d 302, 306 (9th Cir. 1976). *United States v. McQuin*, 612 F.2d 1193, 1195 (9th Cir. 1980). Therefore, the Court finds no merit in petitioner's first ground for habeas relief.

■ Petitioner's second ground for relief is a claim that the trial court erred when it denied petitioner's motion for a new trial based on newly discovered evidence. The criteria for a trial court in granting or denying a new trial are matters of state law. As such an incorrect application would not be grounds for federal habeas corpus relief, unless the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). *Stone v. Powell*, 428 U.S. 465, 477, n.10, 96 S.Ct. 3037, 3044, 49 L.Ed.2d 1067 (1976).

■ The action of the District Judge in denying petitioner's motion does not violate the "complete miscarriage of justice" test in *Hill*. Rather, it appears to the Court that Judge Wendell did correctly apply the Nevada law with respect to motions for new trials; on the record before him there was simply no merit to the request.

The law at the time of petitioner's motion required that the newly discovered evidence be:

(1) newly discovered, (2) material to movant's defense, (3) such that it could not with reasonable diligence have been discovered and produced for the trial, (4) not cumulative, and (5) such as to render a different result probable upon retrial. To which we add (6) that it does not attempt only to contradict a former witness or to impeach or discredit him, unless witness impeached is so important that a different result must follow, . . . and (7) that these facts be shown by the best evidence the case admits.

*Oliver v. State*, 85 Nev. 418, 424, 456 P.2d 431, 435 (1969). See also, *Porter v. State*, 94 Nev. 142, 149, 576 P.2d 275, 280 (1978). *King v. State*, Nev., 596 P.2d 501, 503 (1979).

The "newly discovered evidence" which petitioner based his motion for a new trial on was the identity of a person petitioner allegedly loaned his truck, (the get-away vehicle), to on the day of the robbery. Petitioner admits that he had this evidence long before trial began, and that his attorney was also apprised of the knowledge during trial. Further, it is uncontradicted that the testimony of petitioner at his trial disclosed the name of the individual purportedly in possession of the truck.

Obviously from the foregoing, the evidence was not "newly discovered", could easily have been produced for trial, and as the jury had the information when they found him guilty, would not have rendered a different result probable on retrial. Because the Court finds that petitioner's evidence fails to meet the first, second and most likely fifth, requirement stated in *Oliver*, it concludes that the District Judge was not in error when he denied petitioner's motion for a new trial. Thus, there is no merit to petitioner's second claim for habeas relief.

■ Petitioner's third and final claim for habeas relief is based on alleged error on the part of the District Judge when he refused four jury instructions offered by petitioner (petitioner mentioned Instructions A through F; however, on appeal, he did not object to the refusal to instruct on D and F and makes no arguments with respect to them in this petition) and gave one instruction to which petitioner objected. Jury instructions, like requirements for new trials, are matters of state law. Unless the subject jury instructions involve a deprivation of due process, no federal constitutional questions are involved and habeas corpus is not available. *Shepherd v. Nelson*, 432 F.2d 1045, 1046 (9th Cir. 1970). *Bustamante v. Cardwell*, 497 F.2d 556, 558 (9th Cir. 1974). No such deprivation is shown here.

**1132**

■ Instructions A, B, C and E, rejected by Judge Wendell were adequately covered by other instructions given by the Court. Although petitioner's proposed instructions may have been more favorable to his case than those given by the Court, the Court's instructions taken as a whole, did not come close to depriving petitioner of any constitutional right.

Petitioner's objection to Instruction # 9, given by the trial court, is not well taken. Petitioner claims that by instructing a jury that a firearm is a deadly weapon without proof of its deadly capabilities, the trial court relieved the state from proving an element of the crime. N.R.S. 193.165 provides for an enhanced penalty when it is proved that a person commits a crime with a "firearm *or* deadly weapon". The element that the state was required to prove was that petitioner used a firearm; this the state did. The instruction in no way relieved the state of their burden of proof.

From the preceding analysis, it is apparent that there are no grounds or reasons to grant an evidentiary hearing; the State Court trier of facts reasonably found the relevant facts. *Townsend v. Sain*, 372 U.S. 293, 312, 313, 83 S.Ct. 745, 756, 757, 9 L.Ed.2d 770 (1963). Petitioner is not entitled to the issuance of a writ of habeas corpus since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3).

IT IS, THEREFORE, HEREBY ORDERED that the Petition for Writ of Habeas Corpus be, and the same is, DENIED.