An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS JAMES WILLING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63197

FILED

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Nicholas James Willing's motion for a new trial. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Willing contends that the district court erred by denying his motion for a new trial because he presented newly discovered evidence that accomplice Jamie Sexton had an open felony theft case and was promised she would not be charged in that case, nor go to prison in the instant case, if she testified against him. We review a district court's determination whether to grant a new trial for a clear abuse of discretion. *See McCabe v. State*, 98 Nev. 604, 608, 655 P.2d 536, 538 (1982).[1]

We conclude that the district court did not abuse its discretion. The record supports the district court's determination that the evidence regarding "side deals" was not credible and Sexton testified truthfully in that regard. The record also supports the district court's determination

_____

[1]The district court analyzed Willing's motion under *Brady v. Maryland*, 373 U.S. 83 (1963), rather than as a motion for a new trial pursuant to NRS 176.515; however, its findings of fact and conclusions of law is a model of clarity and addresses the relevant considerations.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11446

that, even if the jury had been informed of the theft case, there was not a reasonable likelihood the result at trial would have been different because Sexton's credibility was explored at trial, other testimony incriminated Willing, and substantial evidence was presented which demonstrated that it would have been almost impossible for Sexton to plan the crimes without Willing's involvement. *See Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284-85 (1991) (newly discovered evidence must be "not only an attempt to contradict, impeach, or discredit a former witness, unless the witness is so important that a different result would be reasonably probable"); *King v. State*, 95 Nev. 497, 500, 596 P.2d 501, 503 (1979).[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[2]Willing also contends that he was deprived of his right to confront Sexton. Although we need not consider this contention because it does not appear that it was raised below, *see Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004), we note that any error would have been harmless, *see Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476 (2006).

[3]The fast track response does not comply with the Nevada Rules of Appellate Procedure because it is not double-spaced. *See* NRAP 32(a)(4); NRAP 3C(h)(1). We caution counsel for the State that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Robert W. Lane, District Judge
Donald J. Green
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk