# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES PILGRIM NELSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70748

FILED

SEP 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Charles Nelson filed a timely petition challenging his conviction for burglary while in possession of a deadly weapon, first-degree murder, conspiracy to commit robbery, robbery, first-degree kidnapping, robbery with a deadly weapon, first-degree arson, and grand larceny (auto). In his petition, Nelson argued, among other things, that his conviction was obtained by perjury in violation of his constitutional rights.[1] Nelson asserted that an affidavit from a codefendant, imprisoned for the same crime, exonerated him and proved that one of the State's key witnesses, J. Frenchwood, lied during her testimony. Nelson asserted that this affidavit was newly discovered evidence of his innocence. The district court denied the petition, determining that Nelson's claim should have been raised in a motion for a new trial and that there was no good cause exception for filing a late motion for a new trial.

---

[1]Nelson raised a number of other claims in his petition. However, Nelson has not provided any argument on these claims. Thus we consider them abandoned.

17-30884

Nelson argues that the district court erred in determining that his claim could not be brought in a habeas petition. We agree. The postconviction remedies of habeas corpus and a motion for a new trial are statutorily created and defined. Pursuant to NRS 176.515(3), a defendant may present a claim of newly discovered evidence and seek a new trial in a motion for a new trial. Such a motion, however, must be filed within two years from the date of the verdict.[2] In contrast, a postconviction petition for a writ of habeas corpus is available for a petitioner to challenge a conviction based upon a claim that the conviction was obtained in violation of the United States or Nevada Constitutions or in violation of Nevada state law. *See* NRS 34.724(1). Although Nelson mislabeled his claim to be one of newly discovered evidence, which undoubtedly caused confusion in the proceedings below, Nelson essentially asserted that his conviction was obtained by perjury, and a perjury claim is a claim that the conviction was obtained in violation of the United States and Nevada constitutions. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Riley v. State*, 93 Nev. 461, 462, 567 P.2d 475, 476 (1977). Accordingly, the district court erred in determining that Nelson's claim was outside the scope of a habeas petition.[3]

Nevertheless, we conclude that the district court did not err in denying the petition. While Nelson framed a factual claim of perjury, Nelson failed to provide any cogent legal argument or legal authority

---

[2]There is an exception to the two-year limit not applicable in this case. *See* NRS 176.515(3) (providing for an exception pursuant to NRS 176.09187).

[3]In light of our conclusion, we need not reach any of the arguments relating to good cause, actual prejudice, and a fundamental miscarriage of justice.

regarding his claim of perjury. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing that it is the appellant's responsibility to present relevant authority and cogent argument). Even assuming that Nelson had sufficiently presented a legal argument, Nelson's claim does not rise to the level of a violation of the United States or Nevada constitutions. Regarding an alleged violation of the United States Constitution, Nelson's claim of perjury fails because he has not alleged that the State knew of the alleged perjury. *See Napue,* 360 U.S. at 269. Although Nevada has not always required a defendant to show the State knew of the perjury in order for the conviction to violate the Nevada Constitution, Nelson did not demonstrate that any perjury was apparent to the court, acknowledged by the State, or was so pervasive throughout the trial as to affect its truth seeking function. *See Riley,* 93 Nev. at 462, 567 P.2d at 476. Here, Frenchwood's testimony was largely corroborated by the testimony of an eyewitness/victim (A. Woods), other witness testimony (the officers and a witness to the abandonment of the victim's vehicle), and video evidence presented at trial. Further, the factual basis for the alleged perjury, the codefendant's statement, contains no indicia of reliability given the corroboration, the lack of specificity in his statement (failure to identify his two accomplices or provide any details about his involvement in the crime that were not brought out at trial), and the fact that he faces no further adverse consequences for the crime as he is already incarcerated for committing the murder in question.[4] *See generally Berry v. State,* 131 Nev., Adv. Op. 96, 363 P.3d 1148, 1155-57 (2015) (requiring the district court in an actual

---

[4]Rather than setting forth a statement of the crime and his involvement in the crime, the codefendant's affidavit is largely a restatement of Nelson's theory of defense at trial.

innocence claim to review the quality of the evidence and allowing the court to make some credibility determinations before deciding whether to conduct an evidentiary hearing). Thus, we affirm the decision of the district court to deny the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

It is so ORDERED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Douglas W. Herndon, District Judge
        Oronoz, Ericsson & Gaffney, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4